UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS NEWSOME,

                              Plaintiff,

       v.

POLICE OFFICER J. MILLER, Ogden Police
Department, et al.,

                            Defendants.
_____

DECISION & ORDER

18-CV-6756CJS

        Currently pending before the Court are two motions to compel: the first filed by *pro se* plaintiff Thomas Newsome on February 12, 2021 (Docket # 28); the second filed by defendants J. Miller and the Town of Ogden Police Department (collectively, the "Ogden defendants") on March 2, 2021 (Docket # 34). Plaintiff's motion seeks an order compelling three defendants employed by the City of Rochester Police Department (the "Rochester defendants") to answer interrogatories served on May 14, 2020, and imposing sanctions. (Docket # 28). The Rochester defendants have opposed the motion. (Docket # 30). The Ogden defendants' motion seeks an order compelling plaintiff to fully answer interrogatories and produce signed authorizations for the release of medical and employment information. (Docket # 34-1). Despite the issuance of a scheduling order requiring plaintiff to respond to the motion by April 1, 2021 (Docket # 36), plaintiff has filed no response.

        In his motion to compel, plaintiff asserts that he served interrogatories on the Rochester defendants on May 14, 2020 (Docket # 28 at 3, ¶ 2; 4, ¶ 5), and he appended to his motion copies of the interrogatories (*id.* at Exs. A-C). Although his affidavit asserts that he also

appended copies of proofs of service (*id.* at 4, ¶ 5), none are included in the filed motion papers. He has, however, appended a copy of a letter dated November 24, 2020, addressed to Patrick Beath, Esq., advising that he had not received answers to the interrogatories and intended to file a motion to compel in the event that he did not receive answers within thirty days. (*Id.* at Ex. D). Plaintiff represents that his letter went unanswered, prompting him to file the instant motion. (*Id.* at 4, ¶¶ 7-8).

The Rochester defendants oppose the motion on the grounds that the motion was unaccompanied by the conferral certification required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and that answers to the interrogatories were provided to plaintiff after he filed his motion, apparently contemporaneously with the service of defendants' opposition to the motion. (Docket # 30 at ¶¶ 8-12). Counsel affirms that he does not recall any communication from plaintiff about the outstanding interrogatories and notes that plaintiff did not raise the issue during a deposition that was conducted three days before the motion as filed. (*Id.* at ¶¶ 8-9). As plaintiff's November 24, 2020 letter reflects, plaintiff addressed it to prior counsel Patrick Beath, Esq., who ceased representing the Rochester defendants in February 2020, well before the interrogatories were served. (Docket ## 28 at Ex. D; 16). Whether that mistake explains current counsel's ignorance of the letter is unclear from the record. In any event, the Rochester defendants have now answered plaintiff's interrogatories, thus mooting the request for an order compelling them to do so. *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the

extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot"). Considering the fact that the deficiency letter was sent to prior counsel and that plaintiff could have raised the issue with current counsel at a deposition before filing the motion, but chose not to, this Court finds that an award of sanctions is not justified.

The Ogden defendants' motion has not been opposed by plaintiff, nor is there any indication in the record that plaintiff has provided the information sought to be compelled. Accordingly, the motion to compel is granted. Plaintiff is ordered, by no later than **May 28, 2021**, to fully respond to the Ogden defendants' First Set of Interrogatories and to provide the requested authorizations for release of medical and employment records.

For the above reasons, plaintiff's motion to compel **(Docket # 28)** is **DENIED as moot** and the Ogden defendants' motion to compel **(Docket # 34)** is **GRANTED.**

**IT IS SO ORDERED.**

                                                              *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       April 23, 2021